UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANE COLLINS,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation,<br><br>        Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW plaintiff, SHANE COLLINS, by his attorneys, Law Office of William E. Pierson, Jr. | PC, 108 S. Washington St., Suite 202, Seattle, Washington, 98104, and through William E. Pierson, Jr., and hereby presents the following claims.

### I. JURISDICTION AND VENUE

1.1     The flood that forms the basis of this lawsuit occurred on December 27, 2022 and damaged the single-family residence located at 14230 Frans Drive, Lot 4, Stanwood, Washington ("Collins residence").

1.2     Jurisdiction in this matter is conferred on the United States District Court for the Western District of Washington by virtue of 28 U.S.C. § 1331 and 42 U.S.C. §4072. This action arises under the National Flood Insurance Act of 1968 ("NFIA"), as amended,

42 U.S.C. §4001 *et seq.*, flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"), 44 C.F.R. §§61.1-78.14 (National Flood Insurance Program – "NFIP"), and federal common law.

1.3   Venue in this matter is properly laid in the Western District of Washington at Seattle by virtue of 28 U.S.C. § 1391(b) and (c), 42 U.S.C. §4072 and Local Civil Rule 3(e).

## II.   PARTIES

2.1   At all times pertinent to this lawsuit, plaintiff, SHANE COLLINS, owned the Collins residence.

2.2   At all times pertinent to this lawsuit, defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, was and is a Florida corporation whose principal place of business is located at 11222 Quail Roost Drive, Miami, Florida.

## III.   FACTUAL BACKGROUND

3.1   At all times pertinent to this lawsuit, defendant was a Write-Your-Own ("WYO") Program Carrier participating in the United States Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968. In accordance with NFIP, defendant provided insurance coverage to plaintiff under Policy No. 7407367706 (the "Policy"), which covered the Collins residence against damage and destruction from flood. The Policy ran from December 2, 2022 until December 2, 2023. The Policy was in full force and effect on the date of loss – December 27, 2022 - and plaintiff had paid all premiums when due as of the date of loss.

3.2   In accordance with NFIP, WYO insurance carriers work with FEMA to pay claims for flood damage. FEMA instructs insurance carriers, like defendant here, that claims are to be adjusted with clarity and consistency from notice of loss to final payment.

3.3   On December 27, 2022, a tidal water overflow ("King Tide") struck and damaged the Collins residence.

3.4 On or about December 29, 2022, plaintiff notified defendant of the extensive damage sustained by the Collins residence due to the King Tide.

3.5 In accordance with 44 C.F.R. § 62.21(a), defendant was and is responsible for arranging the prompt adjustment, settlement, and payment of all claims arising from policies of insurance issued under NFIP. Investigation of such claims may be made through the facilities of its subcontractors or insurance adjustment organizations, to the extent required and appropriate for the expeditious processing of such claims arising under the Policy.

3.6 Defendant dispatched Richard V. LaFosse (hereinafter "Adjuster"), NFIP Authorized Adjuster with Administrative Strategies, to estimate the loss in accordance with established post-loss procedures prescribed by FEMA. On or about January 5, 2023, the Adjuster inspected the Collins residence. After completing this inspection, the Adjuster vastly underreported the extent of damage sustained by the Collins residence as a result of the King Tide. The Adjuster determined the Collins residence had only been damaged in the sum of $28,769.84.

3.7 Fullwiler Construction, Inc., a registered general contractor in the state of Washington, inspected the Collins residence on behalf of plaintiff on January 5, 2023. Fullwiler Construction prepared a repair estimate dated February 24, 2023 based on repair estimates submitted by individual subcontractors who had also inspected the damage to the Collins residence as a result of the King Tide. Based on these subcontractors' repair estimates, Fullwiler Construction estimated it would cost $131,792.33 to repair the damages to the Collins residence resulting from the King Tide.

3.7 Defendant rejected plaintiff's submitted proof of loss form dated February 24, 2023 in the amount of $109,000.00 on the grounds that it did not comply with policy condition VII, General Condition J #2. Specifically, defendant claimed the repair estimate from Fullwiler Construction, Inc. submitted by plaintiff lacked unit measurements

and unit pricing which defendant claimed was a requirement under the Policy.

3.8     On April 12, 2023, defendant proffered payment to plaintiff under the Policy for the sum of $28,769.84.

3.9     Plaintiff rejected defendant's proffer of $28,769.84 under the Policy because, in accepting payment for this sum, plaintiff would have been compelled under the terms and conditions of the Policy to agree the information contained in the Adjuster's repair estimate of $28,769.84 was true and correct. Plaintiff believed it was not. Rather, plaintiff believes the true and correct estimate to repair the damage sustained by the Collins residence as a result of the King Tide is $131,792.33.

## IV.    LIABILITY

### First Cause of Action
### Against Defendant AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA -
### BREACH OF CONTRACT

4.1     Plaintiff and defendant entered into an enforceable insurance contract when plaintiff purchased and defendant issued the Policy.

4.2     Plaintiff maintained the Policy in good standing during the Policy period and paid all premiums when due by the time the Collins residence sustained damage resulting from the King Tide.

4.3     Plaintiff timely submitted a Proof of Loss which complied with all requirements contained in the Policy.

4.4     Defendant breached its obligations under the Policy when it wrongfully denied and unfairly limited plaintiff's claims under the Policy to $28,769.84.

4.5     Plaintiff has sustained substantial monetary loss proximately caused by defendant's material breach of its obligations under the Policy.

## V.  DAMAGES

5.1 As a proximate result of the water damage to the Collins residence sustained as a result of the King Tide, plaintiff has sustained monetary loss in a sum to be proven at trial, not less than $109,000.00.

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff, SHANE COLLINS, prays for judgment against defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, jointly and severally, as follows:

6.1 That plaintiff be awarded all damages sustained by the Collins residence proximately caused by the wrongful conduct of defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, and proximately resulting from the King Tide.

6.2 That plaintiff be awarded prejudgment interest for all liquidated sums of damage he sustained as a result of the wrongful conduct of defendant in this matter.

6.3 That plaintiff be awarded such other relief as this Court deems just and equitable.

DATED this 20th day of December, 2023.

LAW OFFICE OF
WILLIAM E. PIERSON, JR. │PC

By _____
William E. Pierson, Jr., WSBA No. 13619

Attorneys for Plaintiff
SHANE COLLINS