THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANE COLLINS, | CASE NO. C23-1959-JCC |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's LCR 37 Joint Submission (Dkt. No. 10). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.   **BACKGROUND**

This is an insurance coverage action wherein Plaintiff alleges that Defendant breached its flood insurance policy by paying less than what Plaintiff asserts was the appropriate coverage amount under the policy. (Dkt. No. 10 at 2.) The instant discovery dispute arises out of Plaintiff's first set of interrogatories and first requests for production, which Plaintiff sent to Defendant on May 1, 2024, and to which Defendant responded on May 31, 2024. (*Id.*) On July 2, 2024, Plaintiff sought to initiate a Local Civil Rule 37 conference to discuss resolution of certain disputed items. (*See* Dkt. No. 11 at 27.) The parties met on July 9, 2024. (Dkt. No. 10 at 1.) On July 26, 2024,

Defendant sent Plaintiff a letter in response to the July 9, 2024, conference articulating Defendant's position on certain discovery requests and agreeing to supplement its production where possible. (*See* Dkt. No. 11 at 33–35.)

Nevertheless, on July 31, 2024, Plaintiff emailed Defendant with "the final version of the LCR 37 Joint Submission . . . plaintiff plans to file tomorrow." (*Id*. at 52–53.) Not 10 minutes later, Defendant responded: "I don't understand why this would go to the court." (*Id*. at 52.) Defendant further noted that it "only now learned that you were unsatisfied with our supplemental responses" and would "find out tomorrow what else we can do," but still "[did not] see the point of asking the Court for relief." (*Id*.) On August 2, 2024, Plaintiff informed Defendant that it was planning to "move forward with filing the LCR 37 Joint Submission today," (*id*. at 51), and proceeded to file on August 12, 2024, (*see generally* Dkt. No. 10). The record does not otherwise demonstrate an impasse, any subsequent conferral or attempt to confer, or any agreement in filing the LCR 37 Joint Submission. (*See generally id*.)

## II.  DISCUSSION

### A.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel such discovery. Fed. R. Civ. P. 37(a)(1). The Court also has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B.  Rule 37

A party filing a motion to compel under Local Rule 37 may do so unilaterally or jointly. *See generally* LCR 37. The joint option follows an expedited procedure and affords parties the benefit of same day noting. LCR 37(a)(2). Importantly, the parties must affirmatively agree to utilize the expedited procedure. *See id*. ("Alternatively, the parties may, *by agreement*, utilize the

expedited procedure set forth in this subsection.") (emphasis added). If the parties agree, the movant must, after the conference, provide a draft of its joint motion to opposing counsel and await a response for seven days. LCR 37(a)(2)(C). The moving party may file its motion and note no response was received if its draft goes unanswered. *Id.*

The motion must include a certification that the moving party has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." Fed. R. Civ. P. 37(a)(1). The certification requirement is more than a "formalistic prerequisite" to judicial resolution. *Cardoza v. Bloomin' Bands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). It must certify that the conferral attempt resulted in an impasse, which ensures that the parties have exhausted their attempts to resolve their dispute before seeking the Court's intervention. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, slip op. at 1 (W.D. Wash. 2014) ("A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible.").

### C.    Plaintiff's "Joint" Submission

Here, there is no indication that the parties agreed to file the LCR 37 Joint Submission. (*See generally* Dkt. No. 10.) In fact, based on the record, it appears Plaintiff has entirely neglected the expedited procedure detailed in Local Rule 37 and proceeded without affirmative agreement from Defendant. Rather than share an initial draft with Defendant and allow Defendant seven days to insert its rebuttal, *see* LCR 37(a)(2)(B)–(C), Plaintiff instead sent a final draft on July 31, 2024, (*see* Dkt. No. 11 at 52), and then only gave Defendant two days to respond, (*see id*. at 51). To be sure, Plaintiff ultimately filed the motion 12 days after it sent Defendant the "final" draft. (*See generally* Dkt. No. 10) (motion filed on August 12, 2024). However, the Court has no way of knowing if the parties agreed to—or even complied with—LCR 37's procedural requirements in the meantime because the only record of discussion between the parties *specifically* regarding the motion is that which took place between July 31 and August 2, 2024. (*See* Dkt. No. 11 at 51–55.) Moreover, after receiving the purported final draft from Plaintiff, Defendant continued to question

the need for a joint motion. (*See id*. at 51) (Defendant "[did not] see the point of asking the Court for relief."). The fact that Defendant questioned the need for a joint motion *even after* Plaintiff shared the purported final draft further demonstrates the lack of agreement.

There is also no indication that the parties were at an impasse when Plaintiff filed the "joint" motion. As of both Defendant's July 26, 2024, letter, (*see id*. at 33–35), and the July 31, 2024, email exchange between the parties (*see id*. at 51), Defendant remained open to supplementing its productions—thus dispelling any notion of impasse. And although the parties met on July 9, 2024, there is no evidence to demonstrate that the parties had exhausted their attempts to resolve the dispute at this meeting. (*See generally id*.) Indeed, post-conference communications show that the parties agreed and expected that Defendant would continue to supplement its discovery responses. (*See id*. at 33–35, 51.) Ongoing discussions after an LCR 37 conference preclude a finding that no additional progress was possible. Defendant also provided Plaintiff with at least one supplemental production between the July 9, 2024, conference and the day Plaintiff filed the motion. (*Id*. at 53.) The post-conference communications and supplemental production show the parties had not—and have not—reached an impasse justifying the Court's intervention. As such, the Court concludes that the parties have not met the meet and confer certification requirements of Rule 37.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the LCR 37 "Joint" Submission (Dkt. No. 10) without prejudice.

DATED this 29th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE