THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANE COLLINS,

                    Plaintiff,

    v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

                Defendant.

CASE NO. C23-1959-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

The Court has stated the relevant facts for this insurance coverage action, including those related to the instant discovery dispute, in a prior order disposing of the parties' "joint" LCR 37 submission. (*See* Dkt. No. 12.) It will not restate them here. As the Court so often states, it strongly disfavors discovery motions and prefers that parties resolve such disputes on their own. *See, e.g., Larson Motors Inc. v. Gen. Motors LLC*, 2023 WL 346623, slip op. at 1 (W.D. Wash. 2023).

## II.     DISCUSSION

### A.     Legal Standard

 "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible but must be reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Proportionality requires consideration of, among other things, the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). In turn, the Court may limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to grant the request. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B.     Interrogatory No. 10 ("ROG 10")

ROG 10 asks Defendant to identify the person within its company "most knowledgeable" as to the definition (in Defendant's claim denial letter) of the terms "unit measurements" and "unit pricing". (*See* Dkt. No. 13 at 3; *see also* Dkt. No. 11 at 12) (claim denial letter at issue). Plaintiff contends this information is relevant for purposes of conducting a Rule 30(b)(6) deposition. (Dkt. No. 13 at 3.) Defendant objects on the grounds that the phrase "most knowledgeable" is vague and ambiguous and that it cannot be expected to ascertain who is "most knowledgeable" about, frankly, anything. (*See* Dkt. No. 15 at 4.) The Court agrees. Defendant cannot be expected to weigh the knowledge levels of its employees to determine who is "most knowledgeable" about the terms at issue. To be sure, Defendant can and should identify someone who *is* knowledgeable, or perhaps even one of the most knowledgeable, about these terms. But to ask Defendant to certify the person who is *most* knowledgeable puts Defendant in an unfair

position where it may mistakenly choose one individual and then later realize that another individual was even more knowledgeable.

Instead, Defendant suggests that, if and when it receives a Rule 30(b)(6) deposition notice, it "will produce a qualified person, with an adequate depth of knowledge, to testify as to all appropriately noticed topics"—*including* the definitions of the terms at issue. (*See id*. at 5.) Defendant's suggested alternative is more than reasonable and proportional to Plaintiff's needs.[1]

### C.    Request for Production No. 4 ("RFP 4")

RFP 4 seeks access to Defendant's "electronic diary" regarding Plaintiff's insurance claim, including "all ESI stored in 'Pivot (NFIP system of record)'."[2] (Dkt. No. 13 at 6.) Defendant objects to the extent the request seeks materials outside of its possession, custody, or control. (Dkt. No. 15 at 6.)

A party must produce any materials that are within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party seeking production bears the burden of proving that the responding party has "control" over the requested materials. *U.S. v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). "Control is defined as the legal right to obtain documents upon demand." *Id*. In *International Union*, for example, the court concluded that International Union did not have "control" over documents in the possession of local unions because the local unions were separate "'labor organizations'" under the relevant statutes and their constitutions did not expressly give International Union the right to obtain the local unions' records. *See id*. at 1452–53.

---

[1] In his reply, Plaintiff suggests that the person who wrote the denial letter, Maria Garache, would, at a minimum, be most knowledgeable about the contested terms. (Dkt. No. 16 at 6.) Yet Plaintiff himself also admits that Ms. Garache no longer works for Defendant. (Dkt. No. 13 at 5.) And this suggestion has no bearing on the fact that to identify someone "most knowledgeable" is still a vague and ambiguous, and therefore burdensome, request.

[2] According to the parties' briefings, PIVOT is the name of an "electronic diary" operated by the Federal Emergency Management Agency (FEMA) as part of its National Flood Insurance Program ("NFIP"). (*See* Dkt. Nos. 13 at 6–7; 15 at 6–8.)

Plaintiff fails to establish Defendant's control over the ESI stored in PIVOT. He argues that Defendant has "access" to the materials but does not otherwise suggest that Defendant has a legal right to them. (*See* Dkt. No. 13 at 6–7.) In turn, Defendant asserts that "it has no legal right to obtain documents from the PIVOT system, nor does it have control over FEMA to mandate that FEMA allow the production of FEMA's documents." (Dkt. No. 15 at 7–8.) Nevertheless, Defendant discussed Plaintiff's request with FEMA directly and still "determined that it is not authorized to disclose any documentation from FEMA's systems." (*Id*. at 8.)

Moreover, Defendant maintains that it "has already provided Plaintiff with its entire claim file, meaning that Plaintiff already has the information contained within the PIVOT system." (*Id*.) In other words, Defendant has already provided Plaintiff with the underlying information he seeks. And yet, Plaintiff would have the Court believe that, because Defendant fails to provide evidence to support this contention, the opposite must be true and therefore the Court must compel Defendant to provide a complete production in response to RFP 4. (*See* Dkt. No. 16 at 8.) To the contrary, Plaintiff's assertion lacks any evidentiary support, and thus the Court declines to entertain it, as it is Plaintiff's burden to establish the basis for his request.

## III.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to compel as to ROG 10 and RFP 4 (Dkt. No. 13).

DATED this 10th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE